UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24661

CIHANGIR KUCUK,

    Plaintiff,

vs.

RETA OCEAN DRIVE, LLC,
IL GIARDINO, LLC,
REFIK CEVIK,
IMAM DUZ, and
TACETTIN YILDIRIM,

    Defendants.
_____/

## COMPLAINT

    Plaintiff, Cihangir Kucuk, sues Defendants, Reta Ocean Drive, LLC, Il Giardino, LLC, Refik Cevik, Imam Duz, and Tacettin Yildirim, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Cihangir Kucuk**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law who consents to participate in this lawsuit.

    2.    **Defendant, Reta Ocean Drive, LLC**, is a for profit Florida limited liability company that is *sui juris* and operated its restaurant business here, in Miami-Dade County, Florida, at all times material. Defendant, Reta Ocean Drive, LLC does business as "Mia Bella Roma" at all times material to this lawsuit.

1

3. **Defendant, Il Giardino, LLC**, is a for profit Florida limited liability company that is *sui juris* and operated its restaurant business here, in Miami-Dade County, Florida, at all times material.

4. **Defendant, Refik Cevik ("Cevik")**, was and is an owner and operator of the corporate Defendants, for the relevant time period. He was one of the people who ran their day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

5. **Defendant, Imam Duz ("Duz")**, was and is an owner and operator of the corporate Defendants, for the relevant time period. He was one of the people who ran their day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

6. **Defendant, Tacettin Yildirim ("Yildirim")**, was and is an owner and operator of the corporate Defendants, for the relevant time period. He was one of the people who ran their day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FMWA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

8. This Court has jurisdiction over Plaintiff's FLSA claims.

9. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

2

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

*Common Background Factual Allegations*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, alcoholic beverages, and products that have moved through interstate commerce. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

12. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and serving food, produce, and beverages that have traveled through interstate commerce while also utilize

3

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

16. While Plaintiff worked for Defendants, he was paid in differing ways, although each manner of payment violated the FLSA.

17. While working for Defendants at their "Mia Bella Roma" restaurant, Defendants paid Plaintiff no hourly wage and relied *entirely* on the generosity of patrons for their tips to provide an income to Plaintiff in exchange for the work he performed for Defendants.

18. Defendants then paid Plaintiff an hourly rate that was $3.02 less than the prevailing minimum wage, but failed to record all time worked by Plaintiff and/or altered Plaintiff's time records so that he was not paid for all time worked, let alone his overtime hours.

19. Defendants further included traditionally non-tipped employees, such as their managers, in the "tip pool" and required that these managerial employees take possession of all tips received by Plaintiff so that they could be distributed with 7% of the entire "tip pool" distributed to Defendants' managers while he worked for them at their "Mia Bella Roma" restaurant.

20. Defendants then changed the name of their restaurant to Il Giardino, LLC on September 11, 2015.

21. At the "Il Giardino" restaurant Defendants, Defendants would deduct a charge of 0.5% to be paid by those who contributed to the "tip pool" to Defendants, even though Defendants could not and did not justify the basis for this deduction.

22. Defendants would then further reduce the tips paid to Plaintiff by charging him a 3% commission on cash tips.

4

23. Lastly, Defendants paid Plaintiff for 20 hours per week for several weeks in cash at the rate of $3.33 per hour.

24. Plaintiff as a non-exempt hourly employee, in particular as a server, and was paid by Il Giardino, LLC from September 11, 2015 to October 30, 2016, by Reta Ocean Drive, LLC d/b/a Mia Bela Roma from July 4, 2011, and was employed by Defendants Refik Cevik, Tacettin Yildirim, and Imam Duz from July 4, 2011 to October 30, 2016.

25. Defendant, Il Giardino, LLC, operates its restaurant at the same location as the "Mia Bella Roma" restaurant operated by Reta Ocean Drive, LLC, uses the liquor license issued to Reta Ocean Drive, LLC, and utilizes much of the same staff, "Point of Sale" system, and managerial staff as Reta Ocean Drive, LLC such that Il Giardino, LLC is for all intents and purposes the successor in interest to Reta Ocean Drive, LLC.

26. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

28. In 1966, the FLSA was amended to extend minimum wage protection to employees of restaurants [and] special provisions were made for employees who received tips. Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" were not protected by the FLSA. Restaurants were not obligated to pay a minimum wage to a "tipped employee." "Under the 1966 amendments [tipped] employees are entitled to receive the prevailing minimum wage for each hour worked by them in a

5

given week." *Hodgson v. Bern's Steak House, Inc.*, 1971 WL 843, * 3 (M.D. Fla. 1971) see also *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578-79 (11th Cir. 1985) *modified on other grounds,* 776 F.2d 265 (11th Cir. 1985) (minimum wage must be paid for each and every hour worked.

29. The failure to pay for each hour worked invalidates the tip credit. *Chisolm v. Gravitas Rest. Ltd.*, CIV.A. H-07-475, 2008 WL 838760 (S.D. Tex. 2008).

30. The "wage" that restaurants "shall pay" to a tipped employee is explained in 29 U.S.C.A. § 203(m): "the amount paid such employee by the employee's employer shall be an amount equal to" the required reduced cash wage. The statute contains a second sentence which states, the employer "is required to pay [an] amount [which] shall be not less than the cash wage required." *Id*

31. Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law. The FLSA, 29 U.S.C. §203(m), allows Defendants to pay less than the required minimum wage by taking a "tip credit," in order to satisfy their minimum wage obligation. However, in order to utilize the "tip credit," Defendants must strictly comply with the the FLSA and Florida law.

32. A condition precedent to the "tip credit" availability is that Defendants must inform employees of their intention to take a "tip credit." The "tip credit" is not applicable herein, because Defendants failed to "inform" Plaintiff of their intention to claim a "tip credit," as is required by the FLSA at 29 U.S.C. §203(m). Defendants could not have informed Plaintiff, as they had a built-in policy to deduct from Plaintiff's wages, and thus Plaintiff's pay fell below the minimum wage for tipped employees. Knowledge that there is a "tip credit" in the industry is insufficient. Defendants failed to comply with the informational requirements of 29 C.F.R. §531.59(b), in that (1) Defendants failed to inform Plaintiff about the "tip credit" altogether; (2) the amount of the cash wage that is to be paid to the tipped employee by the employer; (3) the additional amount by which the wages of

6

the tipped employee are increased on account of the "tip credit" claimed by the employer; (4) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (5) that the tip credit shall not apply to any employee who has not been informed of these requirements in this §531.59(b).

33. In addition to the foregoing failures, Defendants' taking control of and retaining the tips belonging to Plaintiff invalidated the "tip credit," and Plaintiff is entitled to payment of the full minimum wage plus all tips wrongfully or improperly held/distributed.

34. In Florida, and for the relevant time period, the minimum wage was set at $7.25/hour until June 1, 2011 when it rose to $7.31/hour; until January 1, 2012, when it rose again to $7.67/hour; until January 1, 2013, when it rose to $7.79/hour; until January 1, 2014, when it rose to $7.93/hour; and until January 1, 2015, when it rose to $8.05/hour.

35. In order to avail themselves of the "tip credit," and as a condition precedent, Defendants must also have paid Plaintiff a reduced cash wage of at least $3.02 less than the applicable minimum wage.

36. During the Relevant Time Period, Defendants were not entitled to the tip credit because Plaintiff and other servers were required to contribute their charged tips into a "pool" into which managers and other traditionally non-tipped staff shared in the tips.

37. During the Relevant Time Period, Plaintiff was not paid for all hours regular hours worked.

38. During the Relevant Time Period, Plaintiff attended mandatory meetings and was not paid the applicable Minimum Wage for all time spent attending such meetings.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

39. During the Relevant Time Period Plaintiff was forced to perform sidework, while not earning tips, in excess of 20% of her work time.

40. During the Relevant Time Period Plaintiff also was made to pay for walkouts.

41. Moreover, during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiff and their other servers Minimum Wages.

42. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours that he worked during the relevant time period.

43. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiff, Cihangir Kucuk, demands the entry of a judgment in his favor and against Defendants, Reta Ocean Drive, LLC, Il Giardino, LLC, Refik Cevik, Imam Duz, and Tacettin Yildirim, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendant within the past three years as provided under the law and in 29 U.S.C. § 216(b)

b. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover all tips wrongfully withheld and/or distributed;

d. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

8

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

  e. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. All interest allowed by law; and

  g. Such other and further relief as the Court deems just and proper.

<b><u>COUNT II – FLSA OVERTIME CLAIM</u></b>

  Plaintiff reincorporates and re-alleged all preceding paragraphs as though set forth fully herein and further alleges as follows:

  44. Plaintiff worked approximately 64 to 78 hours per week for Defendants.

  45. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate (of at least the applicable minimum wage) for all hours worked over 40 hours in a given workweek.

  46. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay (of at least the applicable minimum wage) for each of the overtime hours worked during the relevant time period.

  47. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

  48. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

9

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

WHEREFORE Plaintiff, Cihangir Kucuk, demands the entry of a judgment in his favor and against Defendants, Reta Ocean Drive, LLC, Il Giardino, LLC, Refik Cevik, Imam Duz, and Tacettin Yildirim, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendant within the past three years as provided under the law and in 29 U.S.C. § 216(b)

b. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

10

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 7th day of November, 2016.

                Respectfully Submitted,

                FAIRLAW FIRM
                *Counsel for Plaintiff*
                7300 N. Kendall Drive
                Suite 450
                Miami, FL 33156
                Tel:    305.230.4884
                Fax:   305.230.4844

                s/*Brian H. Pollock, Esq.*
                Brian H. Pollock, Esq.
                Fla. Bar No. 174742
                brian@fairlawattorney.com

11

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com