UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 16-cv-24661-RNS/Otazo-Reyes

CIHANGIR KUCUK

   Plaintiff,

v.

RETA OCEAN DRIVE, LLC, IL GIARDINO,
LLC, REFIK CEVIK, IMAM DUZ, and
TACETTIN YILDIRIM,

   Defendants                           /

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, IL GIARDINO, LLC, REFIK CEVIK, IMAM DUZ, and TACETTIN YILDIRIM by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses and state as follows:

1. Without knowledge, therefore denied. It is also specifically denied that Plaintiff was a covered employee for purposes of the Act ("FLSA").

2. Denied. Reta Ocean Drive, LLC is not engaged in business.

3. Denied. Il Giardino, LLC is a relatively new company and was incorporated on August 4, 2015.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Admit, to the extent Plaintiff has valid FLSA claims.

9. Admit.

10. Admit as to Il Giardino only, Denied as to the remaining Defendants.

11. Admit as to Il Giardino only, Denied as to the remaining Defendants.

12. Admit as to Il Giardino only, Denied as to the remaining Defendants.

13. Admit as to Il Giardino only, Denied as to the remaining Defendants.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Admit.

29. Denied.

30. Denied.

31. Denied as phrased.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

32. Denied.

33. Denied.

34. Admit.

35. Denied as phrased.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## AFFIRMATIVE DEFENSES

49. Plaintiff's claims are barred in whole or in part by the statute of limitations.

50. Plaintiff has failed to state a claim upon which relief may be granted.

51. Defendants had a good faith belief and reasonable grounds for believing that their actions or omissions were not a violation of the FLSA, and as such they are not liable for liquidated damages.

52. To the extent the Defendants failed to comply with any provision of the FLSA, such non-compliance was done in good faith and based upon reasonable grounds to believe that such conduct was not in violation of the FLSA (and was in fact compliant with all FLSA rules and regulations).

53. Any actions taken by the Defendants were not willful within the meaning of the FLSA, therefore, the two years statute of limitations applies.

54. Without admitting any violations of the FLSA, the *de minimus* rule applies to an alleged violations.

55. Plaintiff was properly paid for all work, but should it be determined that some hours of work were not properly paid, which is denied, then such amounts were negligible and thus *de minimus*; therefore the Court should not give cognizance to the amount and should deny any recovery for such claim.

56. Plaintiff's claims in Counts I and II are barred or, in the alternative, Defendants are entitled to a credit or set off against sums claimed by Plaintiff, because Plaintiff misrepresented the hours he actually worked.

57. Plaintiff's claims are barred by virtue of his own acts, conduct, and/or omissions, including, but not limited to, failure to comply with the prevailing terms, conditions, policies and procedures governing Plaintiff's employment, including failure to properly record hours worked and failure to notify Defendants that he was owed unpaid overtime.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, along with costs of this action, attorneys' fees, and for such other relief as the Court deems just and proper.

CASE NO. 16-cv-24661-RNS/Otazo-Reyes

### JURY TRIAL DEMAND

Defendants demand a trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court via CM/ECF and that a true and correct copy has been served via the CM/ECF upon: **Brian H. Pollock, Esq. FairLaw Firm, 7300 N. Kendall Drive, Suite 450 Miami, Fl. 33156 brian@fairlawattorney.com** on this **28th day of November, 2016.**

    Respectfully submitted,

    Becker & Poliakoff, P.A.
    Attorneys for Defendants
    *IL GIARDINO, LLC, REFIK CEVIK, IMAM DUZ, and TACETTIN YILDIRIM*
    121 Alhambra Plaza, 10th Floor
    Coral Gables, FL  33134
    (305) 262-4433 Telephone
    E-mail: Sdavis@bplegal.com
           Jdokovna@bplegal.com

    By: /s/Steven M. Davis
        Steven M. Davis
        Florida Bar # 894249
        Jamie B. Dokovna
        Florida Bar #592722

ACTIVE: I24021/380498:9162381_1