UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24661-SCOLA

CIHANGIR KUCUK,

    Plaintiff,

vs.

RETA OCEAN DRIVE, LLC,
IL GIARDINO, LLC,
REFIK CEVIK,
IMAM DUZ, and
TACETTIN YILDIRIM,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

Plaintiff, CIHANGIR KUCUK, and Defendants, RETA OCEAN DRIVE, LLC, IL GIARDINO, LLC, REFIK CEVIK, IMAM DUZ, and TACETTIN YILDIRIM, hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's Complaint asserts claims against Defendants for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] Plaintiff subsequently obtained a Default against Defendant, RETA OCEAN DRIVE, LLC, an entity that employed Plaintiff and ceased operations in 2015. [ECF No. 15.] Plaintiff also obtained discovery in the form of depositions of Defendants, REFIK CEVIK, IMAM DUZ, and TACETTIN YILDIRIM, and of the corporate representative of IL GIARDINO, LLC, and written discovery.

The parties subsequently conducted a mediation at which the parties resolved their dispute by taking into account the claims by Plaintiff, the Affirmative Defenses asserted, and the issue of successor liability, amongst other factors. The parties' settlement agreement contains no admission of liability (the "Settlement Agreement"), but instead represents a business decision. A copy of the Settlement Agreement is attached as Exhibit "A." The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## MEMORANDUM OF LAW

FLSA claims may be settled, compromised or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with

each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement with respect to attorneys' fees and costs). Plaintiff and Defendants respectfully submit that the agreed-upon terms of the Settlement Agreement are fair and reasonable in light of the relevant factors. The parties further stipulate to the dismissal with prejudice of this action conditioned upon approval by the Court of the Settlement Agreement retaining jurisdiction for 75 days to enforce the parties' Settlement Agreement.

WHEREFORE, Plaintiff, CIHANGIR KUCUK, and Defendants, RETA OCEAN DRIVE, LLC, IL GIARDINO, LLC, REFIK CEVIK, IMAM DUZ, and TACETTIN YILDIRIM, respectfully request that this Court enter an Order in the form attached as Exhibit "B:" (i) approving the Settlement Agreement; (ii) finding that the Settlement Agreement is a fair and reasonable resolution of this matter; (iii) dismissing this Action with prejudice; and (iv) retaining jurisdiction to enforce the parties' Settlement Agreement.

Dated: April 24, 2017.

Respectfully submitted,

s/ *Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Florida Bar No. 174742
brian@fairlawattorney.com
**FAIRLAW FIRM**
7300 N. Kendall Drive, Suite 450
Miami, Florida 33156
Telephone: (305) 230-4884
Facsimile: (305) 230-4844
*Counsel for Plaintiff*

s/ *Steven M. Davis, Esq.*
Steven M. Davis
Fla. Bar No. 894249
Sdavis@bplegal.com
Jamie B. Dokovna
Fla. Bar No. 592722
Jdokovna@bplegal.com
**BECKER & POLIAKOFF, P.A.**
121 Alhambra Plaza
10th Floor
Coral Gables, FL 33134
*Counsel for Defendants*