## CONFIDENTIAL SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between CIHANGIR KUCUK, and all of his agents, successors, heirs, and assigns (referred to as "KUCUK"), and IL GIARDINO, LLC, and REFIK CEVIK, IMAM DUZ, and TACETTIN YILDIRIM (hereafter "Employers"), and all of their parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its past and present owners, officers, directors, shareholders, members, employees, consultants, agents, insurers, attorneys, and assigns (collectively referred to as the "Employers"). KUCUK and Employers are collectively referred to as the "Parties". This Agreement shall be effective upon execution by all Parties.

## Recitals

**WHEREAS,** KUCUK was, at one time, employed by the Employers; and

**WHEREAS,** KUCUK is seeking damages against the Employers under 29 U.S.C. § 201 *et seq.* for alleged unpaid minimum wages and overtime compensation against Employers; and

**WHEREAS,** the Employers deny all allegations and dispute all claims raised by KUCUK; and

**WHEREAS,** KUCUK and the Employers desire to compromise, finally settle, and fully release any and all claims that the parties may have against one another; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, KUCUK and the Employers hereby agree to the following Terms and Conditions:

## Terms and Conditions

1. All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. In consideration for KUCUK's execution of this Agreement and the mutual promises and representations contained herein, KUCUK and Employers agree that the mediation fee to the mediator has been satisfied by Imam Duz. The Employers are jointly and severally responsible to pay the total gross amount of Forty Thousand Dollars ($40,000.00), which includes $26,000.00 to KUCUK (comprised of $13,000 in back wages from which taxes and withholdings shall be deducted and for which a W-2 shall issue plus $13,000 in liquidated damages for which a 1099 shall issue) and $14,000.00 in attorneys' fees ($13,032.67) and costs ($967.33) to FairLaw Firm, but any one or more of them may satisfy the payment requirement(s). Payment shall be made in two equal payments in the gross amount of Twenty Thousand Dollars ($20,000.00), with the first payment received at FairLaw Firm within 10 days of the Court's approval of the Settlement Agreement, and with the remaining payment(s) received at FairLaw Firm within 40 days after the Court's approval of the Settlement Agreement. Each payment of $20,000.00 shall be divided as follows: one check in the gross amount of $6,500.00 (minus applicable taxes and withholdings) payable to CIHANGIR KUCUK for which a W-2 shall issue,

one check in the total amount of $6,500.00 payable to CIHANGIR KUCUK for which a 1099 shall issue, and one check for $7,000.00 payable to FairLaw Firm for KUCUK's attorney's fees and costs. If Employers fail to timely make a payment when due or if a check should be returned or not negotiable, then Employers shall be considered in default of this agreement and KUCUK shall be entitled to a default final judgment in the amount of $60,000, less all amounts paid after giving Employers notice of the default and five (5) days to cure it.

3. KUCUK hereby agrees, represents and warrants that he shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any money paid to him under this Agreement, except for the tax contributions federally mandated of Employers for Employers taxes, and that he will fully satisfy all taxes, liens, and assignments for employee, but not Employers' taxes which may arise as a result of his receipt of the settlement payments.

4. In consideration for the payments described above and the dismissal of this lawsuit, the sufficiency of which is hereby acknowledged:

    A. KUCUK generally releases, satisfies and forever discharges the Employers of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq.*, which KUCUK ever had, now has or may have against the Employers.

    B. KUCUK and Employers generally release, satisfy and forever discharge one another from any and all claims, demands or liabilities whatsoever, whether known or unknown, which KUCUK or Employers ever had or may now have against the one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Employers undertakes in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of KUCUK's employment with Employers and separation of employment with Employers pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

        i. This release includes, but is not limited to, any and all actions claims and demands under:

| |
|---|
| the Age Discrimination Employment Act (the "ADEA") as amended, 29 U.S.C. Section 623, et seq.; |
| Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. as amended; |
| the federal Americans with Disabilities Act 42 U.S.C. Section 12101, et seq. (the "ADA"), as amended; |
| the Equal Pay Act of 1963, 29 U.S.C. Section 206(d); |

| |
|---|
| the Family and Medical Leave Act, as amended, 29 U.S.C. Section 2601, et seq. (the "FMLA"); |
| Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, et seq.; |
| Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, et seq. |
| 42 U.S.C. Sections 1981 through 1988; |
| National Labor Relations Act, 29 U.S.C. Section 151, et seq., |
| Immigration Reform and Control Act of 1986, 8 U.S.C. § 1101, et. seq.; |
| the Uniform Services Employment and Reemployment Rights Act of 1994; |
| the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. Section 1001, et seq. (excluding any vested benefits under any Employee Retirement Plan); |
| Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.; |
| Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et. seq.; |
| Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff, et seq.; |
| Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, 29 U.S.C. § 1181, et. seq., and 42 U.S.C. § 1320d-6, et. seq.; |
| the Florida and Federal Constitutions; |
| the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992 as amended, Chapter 760 Florida Statutes; |
| the Florida Whistleblower's Act, Fla. Stat. Section 448.101, et seq.; |
| Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205; |
| Florida's wage payment and wage discrimination laws; |
| Florida Minimum Wage Act, Fla. Stat. Section 448.110; |
| the Florida AIDS Act, Fla. Stat. Sections 10.1125, 381.00 and 760.50; |
| The Florida Discrimination on Basis of Sickle Cell Trait Law, Fla. Stat. Section 448.075; and |
| Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County; |
| All local and county ordinances; |
| any other federal, state or local statute, executive order, regulation or ordinance relating to or dealing with unpaid wages, employment, employment discrimination, retaliation, conspiracy, tortious or wrongful discharge. |

C. This release also includes, but is not limited to: (i) any and all claims for breach of contract and breach of employment contract (whether oral, express or implied) between KUCUK and Employers; (ii) any and all claims for wrongful discharge, unpaid wages, future wage loss, employee benefits, bonuses, stock options, attorneys' fees and costs, penalties and damages of all types, including, but not limited to, punitive and compensatory damages and emotional distress damages; and (iii) any and

        all actions, claims and demands for tort damages (whether intentional or negligent) and/or personal injury as a result KUCUK's employment or separation from Employers, such as defamation, fraud, misrepresentation, assault, battery, negligence, negligent supervision, hiring, or retention, detrimental reliance, intentional or negligent infliction of emotional distress, breach of a covenant of good faith and fair dealing, and any other offense.  The foregoing list is meant to be illustrative rather than exhaustive.

    D.    Notwithstanding the above, KUCUK and Employers acknowledge that they are not waiving any rights or claims that may arise after the later of this Agreement is signed (or approved by the Court) or any rights or claims that by law cannot be released in this Agreement.

    E.    KUCUK represents that, with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, but he is also waiving his right to recover money or other relief in any action that might be brought on her behalf by any other person or entity including, but not limited to, the State of Florida, the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

    F.    KUCUK agrees that he has been paid and/or will be paid through settlement of the Litigation all past wages, front wages, compensation, bonuses, commissions, leave payments and/or and benefits due as of the date of this Agreement and that no such additional amounts are due to him.

    G.    KUCUK agrees that he has not filed any claims, complaints, charges, lawsuits or other proceedings against the Employers with any governmental agency, arbitrator, or any court other than as set forth in this Agreement.

    H.    KUCUK agrees that he does not have any known workplace injuries or occupational diseases.

5.    Confidentiality.

    A.    KUCUK and Employers agree that all matters relating to this Agreement, and the negotiations preceding this Agreement, are strictly confidential. KUCUK and Employers further agree that they and their attorneys, spouse(s) and representatives will not publicize, disclose or give out any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement or the settlement of this matter, to any third person or entity. KUCUK and Employers expressly agree that they cannot disclose or disseminate this Agreement or any information about this Agreement to the print or

        broadcast media, any internet communication outlet or to individuals that KUCUK or Employers know or have reason to know are past or present employees, contractors, customers and vendors of the Employers. Upon inquiry, Employers shall provide a neutral employment reference and verify KUCUK's dates of employment and rate(s) of pay, but without reference to any demand letter, claim(s) asserted therein, or the resolution of his claims. The parties shall not make any disparaging statements about one another.

    B.    Notwithstanding the forgoing, KUCUK and Employers may disclose this Agreement on the following conditions: (i) KUCUK may advise his attorney(s), accountant(s), tax preparers, and the Internal Revenue Service (IRS) that he received income as a result of a settlement agreement relating to her employment and the amount received; (ii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his conversation with them to the Employers; and (iv) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, KUCUK may testify or provide information regarding this Agreement or may produce the Agreement, <u>provided that</u> he give written notice within three (3) business days of receipt of any subpoena, court order or other related communication (oral or written) to Steven M. Davis, Esq., sdavis@bplegal.com, BECKER & POLIAKOFF, P.A., 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134 so that the Employers can assert any objections prior to KUCUK's appearance at interview, deposition, hearing or trial. KUCUK acknowledges that he waives any objection to Employers' request that the document production or his testimony be done *in camera* and/or under seal.

    C.    Confidentiality is a material provision of this Agreement. Breach of the confidentiality provision shall constitute a material breach of this Agreement.

    D.    The obligations contained in this paragraph will remain in force regardless of whether this Agreement or any portion thereof is ever filed with a court or an administrative agency.

6.    KUCUK expressly waives and disclaims any right to reinstatement or reemployment with Employers, and agrees never to seek employment with Employers at any time in the future. If KUCUK breaches this provision, his application will be rejected and/or he will be subject to summary dismissal or discharge without any resulting liability for Employers.

7.    Employers represent and warrants that the person signing this Agreement has the authority to act on behalf of Employers and to bind Employers and all who may claim through Employers to the terms and conditions of this Agreement represents and warrants that he has the capacity to act on his own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement. KUCUK and Employers each warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of

or against any of the claims or causes of action released by this Agreement, and no claim released has been previously transferred or assigned.

8. Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

9. KUCUK and Employers acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement.

10. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Employers, which is/are expressly denied.

11. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

12. This Agreement may only be amended in writing signed by KUCUK and the Employers. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned. This Agreement shall not be construed against the Employers, as all parties contributed to the drafting of this Agreement.

13. KUCUK represents that this Agreement has been explained and/or translated to him and that he fully understood the contents before signing.

**\*   \*   THIS SPACE INTENTIONALL LEFT BLANK   \*   \***

**SIGNATURES CONTAINED ON NEXT PAGE**

| | |
|---|---|
| | **CIHANGIR KUCUK, Individually** |
| 04/19/2017<br>DATE | By: _____<br>CIHANGIR KUCUK |
| | **IL GIARDINO, LLC** |
| 04/20/2017<br>DATE | By: _____<br>IMAM DUZ, Authorized Agent |
| | **REFIK CEVIK, Individually** |
| 04/20/2017<br>DATE | By: _____<br>REFIK CEVIK |
| | **IMAM DUZ, Individually** |
| 04/20/2017<br>DATE | By: _____<br>IMAM DUZ |
| | **TACETTIN YILDIRIM, Individually** |
| 04/20/2017<br>DATE | By: _____<br>TACETTIN YILDIRIM |

ACTIVE: 9622251_1